# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**RODERICK WHITE**                                                                               **PLAINTIFF**
**ADC #092057**

v.                                          No: 4:22-cv-00613 PSH

**LERIZZA NUNAG,** *et al.*                                                                   **DEFENDANTS**

## ORDER

Pending before the Court is a motion filed by Plaintiff Roderick White seeking to enforce a settlement agreement with defendants Lerizza Nunag and Rose Newby ("Motion to Enforce") (Doc. No. 89). White seeks monetary sanctions against defendants for their alleged violation (through their employer Wellpath, LLC ("Wellpath")) of a settlement agreement reached in July of 2023.[1] Defendants filed a response under seal with relevant medical records attached (Doc. No. 90), and White filed a reply (Doc. No. 94). I held a hearing on this motion on September 10, 2024. White and his court-appointed counsel, Marjorie E. Rogers, were present. Counsel of record for the defendants, Kynda Almefty, was present, along with

---

[1] The settlement reached is confidential; however, the material terms of the agreement are set forth in a term sheet filed under seal with the consent of the parties. *See* Doc. Nos. 79-80. Pursuant to the term sheet, the Court would retain jurisdiction to enforce the settlement agreement for a period of one year after the case was dismissed. *See* Doc. No. 80 at ¶8. The case was dismissed on September 26, 2023. *See* Doc. Nos. 85-86.

Wellpath's Health Services Administrator, Kalya Hargrave. Additional medical records were introduced, and both Hargrave and White testified.

A court may impose civil contempt sanctions "to compensate parties aggrieved by contumacious conduct or to coerce compliance with the court's orders." *Chaganti & Assocs., P.C. v. Nowotny*, 470 F.3d 1215, 1224 (8th Cir. 2006) (citing *United States v. United Mine Workers of Am.*, 330 U.S. 258, 303 (1947)).

The Court finds that civil contempt sanctions are not warranted in this case. While it was established that White missed some doses of his medication, as he alleges in his Motion to Enforce, the Court heard no evidence establishing that the defendants (or other Wellpath providers)[2] intentionally caused him to miss those doses. Hargrave explained that lapses in White's prescription were promptly remedied. The Court finds credible White's testimony that he did not intentionally miss pill call, but that the pill call windows were inexplicably closed at times, preventing him from receiving all dosages of his medication. However, there was no evidence provided as to who was responsible for those closures or how often they occurred. And the records show that White received most of his prescribed medication. In these circumstances, the Court does not find that the defendants (or other Wellpath providers) engaged in contumacious conduct.

---

[2] Under the Settlement Term Sheet, Wellpath providers were responsible for prescribing White a certain medication in a certain amount and to "make it available, to the extent within Wellpath's control" for a period of one year. Doc. No. 80 at ¶2.

For these reasons, White's Motion to Enforce (Doc. No. 89) is DENIED.

IT IS SO ORDERED this 10th day of October, 2024.

_____
UNITED STATES MAGISTRATE JUDGE